UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER BOUMA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> KALE SALAD, INC. D/B/A : <br> ZILLOW GONE WILD, : <br> : <br> Defendant. : | Civil Action No.: |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Jennifer Bouma ("Bouma" or "Plaintiff"), brings this complaint in the United States District Court for the Eastern District of New York against KALE SALAD, INC. D/B/A ZILLOW GONE WILD ("Kale Salad" or "Defendant"), alleging as follows:

**THE PARTIES**

1. Plaintiff Jennifer Bouma is an experienced commercial photographer specializing in real estate interiors and exteriors. Plaintiff resides in Lake Stevens, Washington.

2. Defendant is a Corporation organized and existing under the laws of the State of New York with its principal place of business located in Great Neck, New York. Defendant's agent for service of process is Terry Bernstein, 575 Eigth Avenue, Suite 1712, New York, New York 10018.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant has maintained sufficient minimum contacts with the State of New York and as a result the exercise of personal jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

## FACTS

### I. The Photographs at Issue in this Lawsuit

6. On September 16, 2021, Jennifer Bouma captured the photographs, "21632 High Rock Rd, Monroe-6143.jpg," and "21632 High Rock Rd, Monroe-7091.jpg" ("Copyrighted Photographs"), copies of which are exhibited below:





7. Copyrighted Photographs were registered by Jennifer Bouma with the United States Copyright Office on January 6, 2022 (Registration No.: VA 2-289-584).

8. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photographs. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II. Defendant's Unlawful Activities

9. On or about February 20, 2022, Defendant copied and posted Copyrighted Photographs to its commercial website(s), https://zillowgonewild.substack.com/indoor-pool-with-carpet:



10. On or about February 20, 2022, Defendant copied and posted Copyrighted Photographs to its social media feed(s), www.instagram.com/zillowgonewild, www.facebook.com/zillowgonewild, www.x.com/zillowgonewild (formally www.twitter.com/zillowgonewild)

11. On or about February 20, 2022, Defendant copied and posted Copyrighted Photographs to its commercial website, www.zillowgonewild.com.

12. Defendant is not and has never been licensed to use or display Copyrighted Photographs. Defendant never contacted Plaintiff to seek permission to use Copyrighted Photographs in connection with its website or for any other purpose.

13. Upon information and belief, Defendant located copies of Copyrighted Photographs on the internet and, rather than contact Plaintiff to secure licenses, simply copied Copyrighted Photographs for its own commercial use.

14. Plaintiff first discovered Defendant's unauthorized use/display of Copyrighted Photographs on or about April 16, 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photographs.

## **COUNT I: COPYRIGHT INFRINGEMENT**

15. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

16. Copyrighted Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

17. Jennifer Bouma owns a valid copyright in Copyrighted Photographs, having registered Copyrighted Photographs with the Register of Copyrights.

18. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

19. Defendant reproduced, distributed, and publicly displayed Copyrighted Photographs without authorization from Plaintiff.

20. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs for its own commercial purposes.

21. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

22. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

23. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

24. Alternatively, to the extent infringement by Defendant of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

25. To the extent infringement by Defendant of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in Copyrighted Photographs;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: July 29, 2024    **The Law Office of David C. Deal, P.L.C.**
*/s/ David C. Deal*
David C. Deal
117 4th Street NE
Charlottesville, VA 22902
Telephone: (434) 261-2704
Email: david@daviddeal.com
*Counsel for Plaintiff*