**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER BOUMA | |
| Plaintiff, | Case No.: 1:24-CV-05250-OEM-RML |
| vs. | |
| KALE SALAD, INC. D/B/A ZILLOW GONE WILD | |
| Defendant. | |

## DEFENDANT KALE SALAD, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

DATED:    December 20, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP
Brian Pete
77 Water Street, Suite 2100
New York, New York 10005
212.232.1300
*Counsel for Defendant Kale Salad, Inc. d/b/a Zillow Gone Wild*

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................... 1

II.    FACTUAL BACKGROUND .......................................................................... 1

III.    APPLICABLE LEGAL STANDARD ........................................................... 4

IV.    ARGUMENT .................................................................................................... 7

        A.    Plaintiff's complaint fails to state a claim for infringement because ZGW's use of Plaintiff's images constitutes fair use ............................. 7

                1.    A determination of fair use is properly made at the motion to dismiss stage. ............................................................................. 7

                2.    All four of the fair use factors weigh in favor of dismissal. ....... 7

                        (a)    Transformative Purpose Nature of the Copyrighted Work ............ 8

                        (b)    Nature of the Copyrighted Work ................................... 11

                        (c)    Amount and Substantiality of Use ................................. 11

                        (d)    Effect on the Market ................................................... 13

        B.    Plaintiff's Copyright Claim is Not Entitled to Statutory Damages or Attorneys' Fees As A Matter of Law ..................................................... 14

V.    CONCLUSION ............................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Adjmi v. DLT Entm't Ltd.*,
   97 F.Supp.3d 512 (S.D.N.Y.2015) .................................................................5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................4, 5

*Authors Guild, Inc. v. HathiTrust*,
   755 F.3d 87 (2d Cir. 2014)............................................................................9, 12

*Authors Guild v. Google, Inc.*,
   804 F.3d 202 (2d Cir. 2015)................................................................................8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................4, 5

*Bell v. Magna Times, LLC*,
   No. 2:18CV497DAK, 2019 U.S. Dist. LEXIS 72750 (D. Utah Apr. 29, 2019)...................5, 6

*Blanch v. Koons*,
   467 F.3d 244 (2d Cir. 2006)..........................................................................8, 11

*Brown v. Netflix, Inc.*,
   462 F. Supp. 3d 453 (S.D.N.Y. 2020)..........................................................7, 8, 12

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569, 114 S. Ct. 1164, 127 L. Ed. 2d 500 (1994).......................................8

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*,
   919 F. Supp. 728 (S.D.N.Y. 1996) .....................................................................15

*Faulkner v. Beer*,
   463 F.3d 130 (2d Cir. 2006).................................................................................2

*Gates Rubber Co. v. Bando Chemical Indus., Ltd.*,
   9 F.3d 823 (10th Cir. 1993) ................................................................................6

*Hofheinz v. Discovery Communs., Inc.*,
   2001 U.S. Dist. LEXIS 14752 (S.D.N.Y. Sep. 10, 2001)........................8, 9, 11, 12

*Hughes v. Benjamin*,
   437 F. Supp. 3d 382 (S.D.N.Y. 2020)..........................................................7, 12, 13

*Kim v. Kimm*,
   884 F.3d 98 (2d Cir. 2018)..................................................................................5

*Knitwaves v. Lollytogs Ltd.*,
   71 F.3d 996 (2d Cir. 1995)............................................................................................14

*Levine v. Landy*,
   832 F. Supp. 2d 176 (N.D.N.Y. 2011) ......................................................................15

*Lombardo v. Dr. Seuss Enterprises, L.P.*,
   279 F. Supp.3d 497 (S.D.N.Y. 2017)............................................................................7

*New Era Publications Int'l ApS v. Carol Pub. Group*,
   904 F.2d 152 (2d Cir. 1990).........................................................................................9

*On Davis v. The Gap, Inc.*
   246 F.3d 152 (2d Cir. 2001).........................................................................................8

*Payne v. Courier-Journal*,
   2005 WL 1287434 (W.D. Ky. 2005), *aff'd*, 2006 WL 2075345 (6th Cir. 2006) .....................6

*Righthaven LLC v. Realty One Group, Inc.*,
   No. 2:10-cv-1036-LRH-PAL (D. Nev. Oct. 18, 2010) .............................................6

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
   No. 16CV724-LTS, 2016 U.S. Dist. LEXIS 101119 (S.D.N.Y. Aug. 2, 2016) ..........14, 15, 16

*Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*,
   756 F.3d 73 (2d Cir. 2014)........................................................................................5, 7

*TCA Television Corp. v. McCollum*,
   151 F. Supp. 3d 419 (S.D.N.Y. 2015), *aff'd on other grounds*, 839 F.3d 168
   (2d Cir. 2016)...........................................................................................................6, 7

*Troll Co. v. Uneeda Doll Co.*,
   483 F.3d 150 (2d Cir. 2007).......................................................................................15

*Video-Cinema Films, Inc. v. CNN, Inc.*,
   2001 U.S. Dist. LEXIS 25687 (S.D.N.Y. Oct. 1, 2001) ...............................9, 10, 12

**Statutes**

17 U.S.C. § 107...................................................................................................................8, 9

17 U.S.C. § 107(2) ................................................................................................................11

17 U.S.C. § 107(3) ................................................................................................................11

17 U.S.C. § 107(4) ................................................................................................................13

17 U.S.C. § 412(2) ................................................................................................................15

17 U.S.C. § 504(c) ................................................................................................................15

17 U.S.C. § 505............................................................................................................15

**Rules**

Fed. R. Civ. P 8(a)(2)..................................................................................................4

Fed. R. Civ. P. Rule 12(b)(6)...........................................................1, 2, 5, 7, 14

Fed. R. Civ. P. Rule 12(c)...........................................................................5, 6, 7

Defendant Kale Salad, Inc, ("Defendant" or "ZGW") hereby submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. and respectfully states as follows:

## I.     INTRODUCTION

Plaintiff asserts copyright infringement over the allegedly unauthorized use of three photographs or images.  This case should be dismissed because the nature of Defendant's business and related uses of the images at-issue are for newsworthy, commentary purposes of public interest under the doctrine of fair use.  Additionally, Plaintiff's claims are  precluded from pursuing any statutory damages or attorneys' fees as the alleged infringement took place prior to when Plaintiff finally chose to register the images.  ZGW's use of Plaintiff's photographs constitutes fair use because all four fair use factors favor the Defendant: (1) the purpose and character of the use was transformative; (2) Plaintiff's work is merely informational and not creative; (3) ZGW's use of only 3 images was not qualitatively or quantitatively excessive; and (4) ZGW's use of the images has had no effect on the market for Plaintiff.

Further, Plaintiff's claim for statutory damages and attorney's fees should be dismissed as a matter of law because the alleged infringement by ZGW occurred prior to the registration date of Plaintiff's copyright and Plaintiff did not timely register her copyright.  Many courts in this Circuit have properly dismissed or stricken statutory damages and attorney's fees as an available remedy to an alleged copyright owner at the early pleadings stage, and it should be done again in this case.

## II.    FACTUAL BACKGROUND

ZGW is a popular satirical blog which posts newsworthy informative (and often humorous) articles about house listings on Zillow.com, a public and widely viewed website geared towards

selling homes[1,2]. ZGW's posts and related articles are purely informative in nature and relied upon by the public as an additional source of information regarding the housing market; so much so that its services has been picked via a television show by HGTV[3].

Plaintiff is a residential photographer who took the pictures of the home shown in the Complaint. The home is styled like a medieval castle and multiple news sources picked up the blog post due to its newsworthy nature. [Compl. At ¶¶ 11-12, 14-15]. The blog post at issue showcased three different homes and only displayed three photographs allegedly taken by Plaintiff. *See* Declaration of Samir Mezrahi ("Mezrahi Decl."), Ex. B[4]. A true and correct depiction of the images at-issue were displayed in Plaintiff's Complaint and included again herein as a reference, namely:

---

[1] A Court may consider materials outside the Complaint on a 12(b)(6) motion when the documents relied on are relied on by the plaintiff in drafting the complaint or are integral to the complaint. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

[2] Link to Defendant's website: https://zillowgonewild.com/.

[3] Link to HGTV Zillow Gone Wild show announcement: https://www.hgtv.com/shows/zillow-gone-wild.

[4] The Complaint incorporates seventeen (17) of Plaintiff's images in an effort to exaggerate ZGW's potential infringement. However, only three images appeared in the relevant blog/newsletter post; the Complaint admits that only a selection of Plaintiff's works was included in the post. [*See* Compl. at ¶ 9]; *see* Mezrahi Decl. Ex. B.







[Compl. At ¶ 9]; Mezrahi Decl. Ex. B.

Plaintiff does not allege licensing impact or any actual damages in the form of lost revenue or licensing fees. *Id.* Further, by her own admission, she did not discover the posting until April 2024 (three years after the posting) and did not otherwise register the photographs at-issue until after the alleged infringement took place. [Compl. At ¶ 19].

ZGW's use of the images clearly has had no impact on Plaintiff. Consequently, Plaintiff is barred from requesting any statutory damages or attorneys' fees.

## III. APPLICABLE LEGAL STANDARD

Federal pleading standards require that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P 8(a)(2). A complaint that fails to demonstrate a plausible

claim for relief should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is considered plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint's well-pleaded facts must be accepted as true for the purposes of a motion to dismiss, the reviewing court is not required to accept bare assertions, conclusory statements, and legal recitations posing as factual allegations. *Twombly*, 550 U.S. at 570; *see Kim v. Kimm*, 884 F.3d 98, 102-03 (2d Cir. 2018). After the threadbare recitals and conclusory statements have been stripped from the complaint, to survive a motion to dismiss, it must contain enough well-pleaded factual allegations to establish not the mere *possibility*, but rather, the *plausibility* of entitlement to relief. *Twombly*, 550 U.S. at 557.

Courts routinely have dismissed copyright infringement claims at the early pleadings' stage; such issue is ripe for adjudication here. *See, e.g., Adjmi v. DLT Entm't Ltd.*, 97 F.Supp.3d 512, 527 (S.D.N.Y.2015) ("Courts in this Circuit have resolved motions to dismiss on fair use grounds in this way: comparing the original work to an alleged parody, in light of applicable law."); *Adjmi v. DLT Entm't Ltd.*, 97 F.Supp.3d 512, 527 (S.D.N.Y.2015) (granting a Rule 12(c) motion for a declaratory judgment of fair use on the pleadings); *Lombardo v. Dr. Seuss Enterprises, L.P.*, 279 F. Supp.3d 497 (S.D.N.Y. 2017) (granting declaratory judgment as to plaintiff's motion for fair use on the pleadings). Although "[t]he determination of fair use is a mixed question of fact and law," *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 81 (2d Cir. 2014) (affirming dismissal on fair use grounds based in part upon finding that use was for purposes of news reporting), various Circuits have endorsed the resolution of other copyright questions at the pleadings stage by analyzing the complaint and incorporating by reference the documents referred to therein. *Bell v. Magna Times, LLC*, No. 2:18CV497DAK, 2019 U.S. Dist. LEXIS 72750, at *7

(D. Utah Apr. 29, 2019) (explaining "Therefore, under both the copyright and trademark claims, Defendants can raise the fair use issue as a part of their motion to dismiss for failure to state a claim.").

Accordingly, "the only issue on the motion to dismiss is whether Defendants unlawfully appropriated protected portions of the copyrighted work, which involves two separate inquiries: '1) whether the defendant, as a factual matter, copied portions of the plaintiff's [work]; and 2) whether, as a mixed issue of fact and law, those elements of the [work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.'" *Bell*, 2019 U.S. Dist. LEXIS 72750, at *6 (quoting *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993)). In such circumstances where the facts necessary to establish the defense are evident on the face of the complaint, "the only two pieces of evidence needed to decide the question of fair use . . . are the original version and the allegedly infringing work." *TCA Television Corp. v. McCollum*, 151 F. Supp. 3d 419, 432 (S.D.N.Y. 2015), *aff'd on other grounds*, 839 F.3d 168 (2d Cir. 2016) (internal quotations omitted); *Adjmi v. DLT Entm't Ltd.*, 97 F.Supp.3d 512, 527 (S.D.N.Y.2015) ("Courts in this Circuit have resolved motions to dismiss on fair use grounds in this way: comparing the original work to an alleged parody, in light of applicable law."); *Adjmi v. DLT Entm't Ltd.*, 97 F.Supp.3d 512, 527 (S.D.N.Y.2015) (granting a Rule 12(c) motion for a declaratory judgment of fair use on the pleadings); *Lombardo v. Dr. Seuss Enterprises, L.P.*, 2017 WL 4129643 (S.D.N.Y. Sept. 15, 2017) (granting declaratory judgment as to plaintiff's motion for fair use on the pleadings); *Righthaven LLC v. Realty One Group, Inc.*, No. 2:10-cv-1036-LRH-PAL (D. Nev. Oct. 18, 2010) (finding fair use); *Payne v. Courier-Journal*, 2005 WL 1287434 (W.D. Ky. 2005) (finding fair use), *aff'd*, 2006 WL 2075345 (6th Cir. 2006).

## IV.     ARGUMENT

### A.     Plaintiff's complaint fails to state a claim for infringement because ZGW's use of Plaintiff's images constitutes fair use.

#### 1.     A determination of fair use is properly made at the motion to dismiss stage.

While "[t]he determination of fair use is a mixed question of fact and law," *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 81 (2d Cir. 2014), courts in the Second Circuit have held that fair use determinations can be made at an early pleadings stage, including on Rule 12(b)(6) and 12(c) motions to dismiss. *See, e.g., Brown v. Netflix, Inc.,* 462 F. Supp. 3d 453, 462-63 (S.D.N.Y. 2020); *aff'd Brown v. Netflix, Inc.*, 855 Fed. Appx. 61 (2nd Cir. 2021)) (granting 12(b)(6) motion to dismiss copyright infringement claims on the basis of fair use); *Hughes v. Benjamin*, 437 F. Supp. 3d 382, 386 (S.D.N.Y. 2020) (dismissing complaint for fair use); *Lombardo v. Dr. Seuss Enterprises, L.P.*, 279 F. Supp.3d 497 (S.D.N.Y. 2017) (granting declaratory judgment under Rule 12(c) as to plaintiff's motion to dismiss defendant's copyright counterclaims under fair use doctrine). In fact, Courts in this circuit "have resolved the issue of fair use on a motion for judgment on the pleadings by conducting a side-by-side comparison of the works at issue." *Lombardo*, 279 F. Supp.3d at 504-505.

Here, it is evident based on the Complaint, that the alleged infringement falls within the fair use exception, and dismissal at the early pleading stage is appropriate. *See TCA Television Corp.*, 151 F. Supp.3d at 432 ("In such circumstances, the only two pieces of evidence needed to decide the question of fair use . . . are the original version and the allegedly infringing work.")

#### 2.     All four of the fair use factors weigh in favor of dismissal.

Fair use of a copyrighted work, including reproduction in copies... for purposes such as criticism, comment, news reporting, teaching ..., scholarship, or research is not considered to be

an infringement of the owner's copyright. *See* 17 U.S.C. § 107. The Copyright Act has set out four

non-exclusive factors for a court to consider when determining whether the allegedly infringing

use of the copyrighted work is fair:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.*

The fair use inquiry is "open-ended and context-sensitive" and no one factor is

determinative. *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006). As such, **each** of the four factors

must be considered by the court. *See Brown* 462 F. Supp. 3d at 462-63 (S.D.N.Y. 2020). The

determination of fair use also "calls for case-by-case analysis" and "is not to be simplified with

the bright-line rules." *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 577, 114 S. Ct. 1164,

1170, 127 L. Ed. 2d 500 (1994). Because fair use is an affirmative defense, the defendant bears

the burden of proving that the fair use factors weigh in its favor. *Hofheinz v. Discovery Communs.,

Inc.*, 2001 U.S. Dist. LEXIS 14752, at *21 (S.D.N.Y. Sep. 10, 2001). Here, ZGW has met this

burden, as all four fair use factors weigh in favor of dismissal.

### (a)    Transformative Purpose Nature of the Copyrighted Work

"The heart of the fair use inquiry" is the first factor, which concerns the "purpose and

character" of the allegedly infringing use. In analyzing the purpose and character of the use, courts

must determine "whether and to what extent the new work is transformative." *Campbell v. Acuff-

Rose Music, Inc.*, 510 U.S. 569, 579, 114 S. Ct. 1164, 127 L. Ed. 2d 500 (1994); *On Davis v. The

Gap, Inc.* 246 F.3d 152, 174 (2d Cir. 2001). A use is transformative if it "communicates something

new and different from the original or expands its utility[.]" *Authors Guild v. Google, Inc.*, 804

F.3d 202, 214 (2d Cir. 2015); *see also Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 96 (2d Cir. 2014) ("[It is] one that serves a new and different function from the original work and is not a substitute for it.").

There is a strong presumption that the use of a copyrighted work is transformative when the allegedly infringing work  falls within one of several categories described in § 107, "criticism, **comment**, **news reporting**, teaching. . ., scholarship or research." *Hofheinz*, 2001 U.S. Dist. LEXIS 14752, at *11, 14-16 citing *New Era Publications Int'l ApS v. Carol Pub. Group,* 904 F.2d 152 (2d Cir. 1990) (emphasis added) (granting motion to dismiss for fair use where Defendant's use of clips from Plaintiff's movie to create a documentary was for "the transformative purpose of enriching the commentary on the alien visitation genre and did not constitute the heart of the copyrighted work[5]"); *Video-Cinema Films, Inc. v. CNN, Inc.*, 2001 U.S. Dist. LEXIS 25687, at *1 (S.D.N.Y. Oct. 1, 2001) (granting motion for summary judgment where Defendant news stations' use of clips from a copyrighted movie in obituaries broadcast nationwide were transformative).

In *Hofheinz*, the Defendant created a program called "Aliens Invade Hollywood" ("Aliens") which was an hour long documentary style program used clips from a trailer for Plaintiff's movie, "Invasion of the Saucermen" ("Saucerman") to identify common themes and political contexts of alien visitation films. 2001 U.S. Dist. LEXIS 14752, at *6, 12. Aliens used three clips from a trailer for Plaintiff's film from 1950 called "Invasion of the Saucerman" *Id*. Two of the clips were eight seconds and the last was thirty-two seconds in length. *Id.* at *6-8. In its analysis, the court likened Aliens to "a new copyrightable documentary…which aims to educate the viewing public." *Id.* at *12. The court found that the purpose and character factor strongly

---

[5] In fact, the *Hofheinz* court noted that "it is difficult to imagine a use of a short clip in a commentary/documentary that would not qualify as transformative", as clips are "frequently used to create mood, tone and context, and not as substitutes for the entire copyrighted work. *Id.* at n.7.

favored the defendant because the clips were used in a documentary style program in a transformative way that "betray[ed] little of "Saucerman's plot" and was just used as an early example of a common theme in alien films. *Id.* at 13-14. Aliens was not an attempt to substitute for viewing of all of Saucerman, "nor did it capture its essence." *Id.* at *14-16. The court also determined that, since Defendant's use was transformative, the commercial aspect of Defendant's work was less significant than the other fair use factors. *Id.* at *17.

In *Video-Cinema*, the Defendant broadcast news stations used excerpts of footage from a Robert Mitchum movie during their broadcasts of his obituaries. 2001 U.S. Dist. LEXIS 25687, at *3. The court determined that the use was transformative because it was for the purpose of reporting news. *Id.* at *20, and was intended to create a new work – where the copyrighted work was intended to entertain the audience, the Defendant's use of the movie clips was to "inform the viewing public" of a newsworthy event and to "educate them regarding is impact on the arts." *Id.* at *20-21.

Similarly, ZGW's use of Plaintiff's photographs is transformative for several reasons. First, Plaintiff's creation and use of the photographs at issue was for the purpose of capturing the likeness of a home for sale. By contrast, ZGW's use of the photographs in the context of a satirical blog (that does not generate income) that points out the castle-like architecture in a humorous manner. Zillow Gone Wild's satirical nature poses criticism and comment onto extreme homes. The Complaint acknowledges that the public finds Zillow Gone Wild's commentary news worthy as it incorporates several news articles re-posting Zillow Gone Wild's story. [Compl. at ¶¶ 11-12, 14-15. Zillow Gone Wild's use of the works is transformative in nature.

**(b)      Nature of the Copyrighted Work**

The second factor focuses on the nature of the copyrighted work. 17 U.S.C. § 107(2). The inquiry into the nature of the original work is two-fold: its asks "(1) whether the work is expressive or creative, such as a work of fiction, or more factual, with a greater leeway being allowed to claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished with the scope for fair use involving unpublished works being considerably narrower." *Blanch v. Koons,* 467 F.3d 244, 256 (2d Cir. 2006). Generally, "published works enjoy less fair use protection than unpublished works, and creative works are entitled to greater protection than factual works." *Hofheinz v. Discovery Communs., Inc.*, 2001 U.S. Dist. LEXIS 14752, at *19 (S.D.N.Y. Sep. 10, 2001). Generally, "published works enjoy less fair use protection than unpublished works, and creative works are entitled to greater protection than factual works." *Hofheinz*, 2001 U.S. Dist. LEXIS 14752, at *19.

Here, the nature of the photographs is factual—they were taken for the purpose of listing a house and showing potential buyers what the house looks like. Additionally, the photographs were (and are still) published for anyone to see on Zillow[6]. By contrast, ZGW's blog post was a commentary on an extreme home.  Since Plaintiff's work was (and remains) published and lacks creativity, it has less copyright protection than Kale Salad's post. Therefore, this factor also strongly weighs in favor of fair use.

**(c)      Amount and Substantiality of Use**

The third fair use factor concerns "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). The analysis of this factor is

---

[6] Active Zillow link for subject home of Plaintiff's photographs:
https://www.zillow.com/homedetails/21632-High-Rock-Rd-Monroe-WA-98272/38462348_zpid/.

two-fold – including a qualitative and a quantitative inquiry. *Brown v. Netflix, Inc.*, 462 F. Supp. 3d at 462 (citing *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 96 (2d Cir. 2014)). The "quantitative inquiry considers whether the secondary use 'employs more of the copyrighted work than is necessary,' whereas the qualitative inquiry asks whether the use was 'excessive in relation to [its transformative purpose].'" *HathiTrust*, 755 F.3d at 96. Therefore, the Court needs to consider "whether the [ZGW's work] formed a significant percentage of [Plaintiff's copyrighted work], as well as whether the clips were essentially the heart of the [copyrighted work]." *Video-Cinema,* 2001 U.S. Dist. LEXIS 25687, at *25.

Here, taking all of the facts in the Complaint as true, it is clear that the ZGW's use of a Plaintiff's images constitutes fair use. Courts in this Circuit have come to the same conclusion in similar circumstances. *See, e.g., Brown v. Netflix, Inc.,* 462 F. Supp. 3d 453, 462-63 (S.D.N.Y. 2020) (use of eight seconds of a 190 second song was not qualitatively or quantitatively excessive and weighed in favor of fair use); *Hughes v. Benjamin*, 437 F. Supp. 3d 382, 386 (S.D.N.Y. 2020) (using excerpts totaling 20% of copyrighted video favored fair use when they were still "far less than the entire video" and were "linked to [its] critical purpose); *Video-Cinema Films,* 2001 U.S. Dist. LEXIS 25687, at *25-26 (clips totaling less than one percent of the 108 minute long original film and did not go to the heart of the film constituted *de minimus* amounts and favored a finding of fair use); *Hofheinz,* 2001 U.S. Dist. LEXIS 14752, at *21 (documentary film's use of clips of a copyrighted film totaling 48 seconds, or 1% of the total film weighed in favor of fair use when the clips were used for its transformative purpose and did not go to heart of the original work).

The Complaint alleges that Zillow Gone Wild used three photographs that were registered with the Copyright Office (Registration No.: VA 2-289-584[7]).  *See* Compl. ¶¶ 6-7; Mezrahi Decl. Ex. B.  Plaintiff registered 52 photographs taken of the medieval home at issue (21632 High Rock Rd).  ZGW's use was a small portion of Plaintiff's copyrighted work.   ZGW did not use all of Plaintiff's photographs, but only used only the amount and specific photographs necessary to further its transformative purposes of satirically commenting on the medieval nature of the home. *See, e.g., Hughes,* 437 F. Supp. 3d at 391, 393 (nine second clips were reasonable use when "linked to the critical [and transformative] purpose" of Defendant's video). Because ZGW's use of only a portion of Plaintiff's photographs is neither qualitatively or quantitatively excessive, this factor also weighs in favor of Defendant.

### (d)    Effect on the Market

The fourth and final fair use factor concerns "the effect of the [Defendant's] use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). A Defendant's use "usurps the original work's market" when the target audience for both the copyrighted work and Defendant's work are the same. *Hughes*, 437 F. Supp. 3d 382. Additionally, the more transformative the use, the less likely that it could act as a substitute. *Id.*

In this case, the Complaint gives little information as to the potential audience or market for its photographs. However, it is clear from looking at the images on their face coupled with their usage on Zillow.com that the photographs were taken for the purpose of assisting in the sale of the medieval home.  Here, there is no impact on Plaintiff's potential market because Plaintiff's market

---

[7] Link to copyright registration: https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=15&ti=1,15&Search%5FArg=bouma%20jennifer&Search%5FCode=NALL&CNT=25&PID=_BVMjQQuH6tZFq6B7cD3Qm-gaZw&SEQ=20241210211942&SID=1

is limited by the nature of the work to the owner of the home and the listing agent home for the purpose of selling the home. Zillow Gone Wild is not a competing photographer or in a competing industry. Its use is not detracting from Plaintiff's ability to market her work—actually Zillow Gone Wild showcased her photographs and may have encouraged new clients for Plaintiff. Plaintiff has not been damaged by the use. By her own admission she did not discover the posting until April 2024, three years after the subject posting, and therefore, it is clear that ZGW's usage has not impacted her whatsoever. *See* Compl.¶ 19. This factor also weighs in favor of Zillow Gone Wild.

Therefore, as all four of the fair use factors weigh in favor of ZGW and ZGW's use of Plaintiff's photographs cannot constitute copyright infringement and Plaintiff's one claim in this case fails as a matter of law. Plaintiff's complaint should be dismissed in its entirety.

**B. Plaintiff's Copyright Claim is Not Entitled to Statutory Damages or Attorneys' Fees As A Matter of Law**

If, hypothetically, ZGW were found to have infringed Plaintiff's copyright , Plaintiff is not entitled to elect statutory damages or to receive attorney's fees because, if there was infringement, the first allegedly infringing post occurred on September 16, 2021 – five months prior to Plaintiff registering its copyright in the photographs. [Compl. at ¶¶ 6-7]. The law in the Second Circuit is clear that an award of attorney's fees and statutory damages precluded when the alleged infringement begins prior to the effective registration date of the copyrighted work, and courts routinely make determinations on this issue at an early pleadings stage. *Knitwaves v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995) (denying award of attorney's fees concerning one infringement claim when the registration for that copyright occurred after the alleged infringing activities); *see also, Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16CV724-LTS, 2016 U.S. Dist. LEXIS 101119, at *1 (S.D.N.Y. Aug. 2, 2016) (granting 12(b)(6) motion to dismiss plaintiff's

claim for statutory damages and attorney's fees); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (granting motion to dismiss Plaintiff's claims for statutory damages and attorney's fees).

Here, Plaintiff alleges that it is entitled to an award of actual damages, disgorgement or Defendant's profits, or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c). [Compl. at ¶¶ 9-10]. Plaintiff also claims it is entitled to attorney's fees and costs pursuant to 17 U.S.C. § 505. [*Id.* at ¶ 11]. The prayer for relief includes similar requests. [*Id.* at Prayer for relief a., c., and d.]. However, Plaintiff is precluded by law from claiming statutory damages and attorney's fees because the alleged acts of infringement occurred prior to the date Plaintiff's copyrighted work was registered.

A Plaintiff bringing an action for copyright infringement has the option to choose from two remedies: (1) actual damages disgorgement of the infringer's profits ***or*** (2) statutory damages. *Levine v. Landy¸* 832 F. Supp. 2d 176, 184 (N.D.N.Y. 2011). The Copyright Act provides a limitation on the availability of statutory damages and attorney's fees, providing that:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for ... any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2); *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007) (quoting section 412(2)). An infringement "commences" under this section "when the first act of infringement in a series of on-going discrete infringements occurs." *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16CV724-LTS, 2016 U.S. Dist. LEXIS 101119, at *5 (S.D.N.Y. Aug. 2, 2016). "When the same defendant infringes on the same protected work in the same manner as it

did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements." *Id.* at *8 (S.D.N.Y. Aug. 2, 2016).

Taking the allegations in Plaintiff's Complaint as true, the infringement occurred on September 16, 2021, and the photographs were registered on January 6, 2022. [Compl. at ¶¶ 6-7]. Plaintiff is not entitled to statutory damages or attorney's fees. Those claims for relief must be stricken from the complaint. claims for statutory infringement and damages

## V.    CONCLUSION

Plaintiff's claims for copyright infringement fail as a matter of law based upon the doctrine of fair use, which many courts have begun to rule upon at the early pleadings stage. ZGW's use of Plaintiff's photographs constitute fair use because all four fair use factors favor the ZGW: (1) the purpose and character of the use was transformative; (2) Plaintiff's work is merely informational and not creative; (3) Defendant's use of only those photographs which showcase the eccentric and medieval nature of the photographed home are not qualitatively or quantitatively excessive; and (4) ZGW's use of the photographs has no effect on the market for Plaintiff and Plaintiff has suffered no damages. Further, Plaintiff's claim for statutory damages and attorney's fees should be dismissed as a matter of law because the first alleged infringement occurred prior to the registration of Plaintiff's copyright. For the foregoing reasons, ZGW respectfully requests this Court grant this motion in its entirety, and grant such other and further relief as is just and proper.

DATED:    December 20, 2024                    LEWIS BRISBOIS BISGAARD &
                                              SMITH LLP


                                              By:*/s/ Brian Pete*
                                              Brian Pete
                                              NY State Bar No. 5071832
                                              77 Water Street, Suite 2100
                                              New York, New York 10005
                                              212.232.1300
                                              *Counsel for Defendant Kale Salad, Inc.*
                                              *d/b/a Zillow Gone Wild*

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of December, 2024, a copy of the foregoing was sent to all counsel of record for viewing via email.

_/s/ Brian Pete_____
Brian Pete